838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald L. SWAIN, Defendant-Appellant.
 No. 86-7406.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1987.
Decided Jan. 25, 1988.
 
 Edwin Chrisco Walker, Assistant Federal Public Defender (William E. Martin, Federal Public Defender on brief) for appellant.
 Stephen Aubrey West, Assistant United States Attorney (J. Douglas McCullough, Acting United States Attorney on brief) for appellee.
 E.D.N.C.
 AFFIRMED.
 Before JAMES DICKSON PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Swain challenges his commitment to the custody of the Attorney General under 18 U.S.C. Sec. 4246. However, we find no error in the district court's conclusion that the appellant was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." We therefore affirm the district court's order of commitment.
 
 
 2
 Ronald Swain was charged with possessing a firearm on federal property on July 30, 1986. He was found competent to stand trial pursuant to 18 U.S.C. Sec. 4241, and on October 15, 1986, he pled guilty to the offense with which he was charged and was sentenced to imprisonment for thirty days. On November 14, 1986, the government moved for a hearing on appellant's mental condition and an order of continued commitment pursuant to 18 U.S.C. Sec. 4246.
 
 
 3
 A hearing was held before Judge Britt on December 12, 1986, and the court found by clear and convincing evidence that Mr. Swain was "presently suffering from a mental disease or defect, as a result of which his release would create a substantial risk of bodily harm to another person or serious damage to property of another." As a result, appellant was committed to the custody of the Attorney General for hospitalization in a mental health facility, pursuant to 18 U.S.C. Sec. 4246(d).
 
 
 4
 Swain appealed. On December 15, 1987, while this appeal was under submission, the district court granted the government's motion for the conditional release of Mr. Swain. We agree with the parties that the order of conditional release does not moot this appeal. The conditions of release are valid only if the original order of commitment was lawful.
 
 
 5
 We hold that it was. Evidence presented at appellant's hearing included the testimony of Dr. John McWay, clinical psychologist at the Federal Corrections Institution, Butner, North Carolina; a report of Dr. McWay and Dr. Dennis O'Brien, Acting Director of Forensic Services at Butner; and a letter of Dr. Bob Rollins, Mr. Swain's court-appointed forensic psychiatrist, all of which, after examinations of Mr. Swain and his history, concluded that appellant was suffering from paranoid schizophrenia and that his release would create a substantial risk of danger to others. Further evidence was presented that appellant had possessed guns and ammunition, had written letters threatening the president of the United States, had made statements about "wanting to kill," had reportedly threatened a girl with a gun, and had abused drugs and alcohol.
 
 
 6
 This evidence leads us to conclude that the district court's finding that Mr. Swain posed a substantial risk of danger to others is not "clearly erroneous" under the standard of Rule 52(a) of the Federal Rules of Civil Procedure.
 
 
 7
 For the foregoing reasons, the judgment of the district court is
 
 
 8
 AFFIRMED.